Elizabeth L. Pollock-Avery (*pro hac vice*)
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
T: 412-322-9243
elizabeth@lcllp.com

*Attorney for Plaintiffs*
[Additional counsel listed in signature block]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIA PRICE, ERICA MIKULSKY, MARILYN HERNANDEZ, DANIEL RUBRIDGE, and ARIEL OLIVER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br>CARNIVAL CORPORATION,<br><br>Defendant. | Case No.: 3:23-cv-00236-GPC-MSB<br><br>**MOTION TO APPOINT INTERIM CLASS AND LIAISON COUNSEL**<br><br>Date: March 8, 2024<br>Time: 1:30 p.m.<br>Judge: Hon. Gonzalo P. Curiel<br>Place: Courtroom 12A |

## INTRODUCTION

Federal Rule of Civil Procedure 23(g) provides that "the court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." *In re Ring LLC Priv. Litig.*, No. CV 19-10899-MWF (RAOx), 2020 WL 9763065, at *1 (C.D. Cal. Nov. 13, 2020) (quoting Fed. R. Civ. P. 23(g)(3)); *see also Benkle v. Ford Motor Co.*, No. SA CV 16-1569-DOC (JCGx), 2017 WL 8220707, at *3 (C.D. Cal. Apr. 28, 2017) (same). "Designation of lead counsel now ensures the protection of the interests of the class in making and responding to motions, conducting discovery, and negotiating

possible settlements." *Szymczak v. Nissan N. Am., Inc.*, Nos. 10 CV 7493(VB), 12 CV 1495(VB), 12 CV 2149(VB), 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (citing MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.11).

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs India Price, Erica Mikulsky, Marilyn Hernandez, Daniel Rubridge, and Ariel Oliver ("Plaintiffs") respectfully move for an order appointing James J. Pizzirusso of Hausfeld LLP ("Hausfeld"), Brian C. Gudmundson of Zimmerman Reed LLP ("Zimmerman Reed"), and Jonathan M. Jagher of Freed Kanner London & Millen LLC ("Freed Kanner London & Millen") as Interim Class Counsel and Lynch Carpenter LLP ("Lynch Carpenter") as Liaison Counsel to lead this litigation on behalf of the Class. Proposed Interim Class and Liaison Counsel have significant nationwide consumer class action experience, knowledge of the applicable law, and substantial resources that can be used to litigate this matter. They also have a proven track record of success in similar privacy cases that will be of great benefit to the proposed Class. Appointment of Interim Class and Liaison Counsel now will promote efficiency, conserve judicial resources, and create a unified voice for putative class members that will streamline this litigation, with a team capable of taking the case to trial, if necessary.

## Background

The above-captioned, consolidated class action lawsuits[1] all arise out of Carnival's procurement and use of JavaScript computer code ("Session Replay Code") to monitor, collect, and record mouse movements, keystrokes, mouse clicks, and other electronic communications ("Website Communications") of visitors to its website, www.carnival.com. Each of the above-captioned matters were brought on

---

[1] The parties previously filed a Joint Motion to Consolidate Related Actions pursuant to Fed. R. Civ. P. 42(a) and Local Rule 7.2(b), seeking to consolidate the above captioned actions. ECF No. 8. The Court granted the Joint Motion on June 9, 2023. ECF Nos. 9, 12.

behalf of overlapping nationwide and state-specific classes of individuals who had their Website Communications with Carnival's website monitored and intercepted without their consent by Session Replay Code embedded in Carnival's website. Further, all the above-captioned class actions allege that Carnival's use and procurement of Session Replay Code from companies such as Microsoft ("Session Replay Providers") is violative of state two-party consent wiretapping laws and invades the privacy of Plaintiffs and members of the proposed classes.

Proposed Interim Class and Liaison Counsel now seek appointment as interim class and liaison counsel pursuant to Fed. R. Civ. P. 23(g)(3).

## LEGAL STANDARD

Rule 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]" MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.1; *Azpeitia v. Tesoro Refining & Mktg. Co. LLC, et al.*, No. 17-cv-00123-JST, 2017 WL 4071368, at *2 (N.D. Cal. Sept. 14, 2017) (same); *Wang v. OCZ Tech. Grp., Inc.*, Case No. C 11-01415 PSG, 2011 WL 13156817, at *2 (N.D. Cal. June 29, 2011) (same). Indeed, the Advisory Committee Notes to Rule 23 recognize "that in many cases the need to progress toward the certification determination may *require* designation of interim counsel." Fed. R. Civ. P. 23, advisory committee note to 2003 amendment (emphasis added).

"The appointment of interim counsel is discretionary and is particularly suited to complex actions." *McFadden v. Microsoft Corp.*, No. C20-0640-RSM-MAT, 2020 WL 5642822, at *1 (W.D. Wash. Sept. 22, 2020). Factors relevant to the appointment of counsel include: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *Id.* (quoting Fed. R. Civ. P. 23(g)(1)(A)). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.* (quoting Fed. R. Civ. P. 23(g)(1)(B)).

## ARGUMENT

**I. Proposed Interim Class Counsel Thoroughly Identified and Investigated the Claims.**

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

MOORE'S FEDERAL PRACTICE (Third) § 23.120(3)(a).

Here, Proposed Interim Class Counsel's thorough work in identifying and investigating the claims asserted in this litigation demonstrates that they have and will continue to fairly and adequately represent the proposed Class. For example, Proposed Interim Class Counsel have devoted substantial resources towards developing the claims that have been filed against Defendants. Proposed Interim Class Counsel have performed (and continue to perform) the following work on behalf of Plaintiffs and Class members:

    a.    Investigated and filed legal claims arising from Carnival's use and procurement of Session Replay Code from Session Replay Providers in various jurisdictions;

    b.    Analyzed reports and articles discussing Session Replay Code, data privacy, and describing Defendants' challenged conduct;

    c.    Reviewed Carnival's website, including the Session Replay Code running on Carnival's website, the information collected by the Session Replay Code, Carnival's Terms of Use, and Carnival's Privacy Policy;

    d.    Investigated the nature of the challenged conduct at issue here by interviewing potential clients;

    e.    Investigated the adequacy of the named Plaintiffs to represent the putative Class;

    f.    Aligned with local counsel in California to assist in the prosecution of this matter;

    g.    Drafted and filed separate complaints against Carnival;

    h.    Communicated internally amongst Plaintiffs' counsel regarding the most efficient manner to organize this litigation;

    i.    Worked cooperatively, coordinated, and continue to meet and confer with Defendants' counsel regarding this litigation; and

    j.    Voluntarily coordinated with all filed Plaintiffs and their counsel, and counsel for the Defendant, to transfer, consolidate, and efficiently prosecute all of the related cases.

As evidenced from the firm resumes of James J. Pizzirusso, Brian C. Gudmundson, Jonathan M. Jagher, and Lynch Carpenter, Proposed Interim Class and Liaison Counsel have the resources and experience necessary to successfully litigate this action. They and their firms are well-funded and well-staffed and have represented plaintiffs in some of the largest class actions in the country. They are willing and able to commit to this litigation process regardless of its length or complexity. As explained in more detail below, Proposed Interim Class and Liaison Counsel have a proven track record of devoting time and financial resources to the full prosecution of similar types of actions and they are prepared to do so in this case as well.

Because Proposed Interim Class and Liaison Counsel performed important work that has already inured to the benefit of the proposed Class, and because Proposed Interim Class and Liaison Counsel are prepared to commit substantial resources to this case, the first factor of the Rule 23(g) analysis weighs heavily in favor of their appointment.

**II.  Proposed Interim Class and Liaison Counsel are Experienced in Litigating Complex Cases, Including Data Privacy Litigation, and Have an Extensive Knowledge of the Applicable Law.**

Proposed Interim Class and Liaison Counsel have extensive experience litigating complex class actions and have demonstrated particular success in litigating data privacy actions. Proposed Interim Class and Liaison Counsel have been at the forefront of the emerging law applicable to data privacy claims and have established a track record of working efficiently and collaboratively to obtain significant recoveries on behalf of the classes they have represented. The second and third factors of the Rule 23(g) analysis thus further weigh in favor of their appointment.

**A.  Proposed Interim Class Counsel.**

**1.  Hausfeld LLP**

**a.  James J. Pizzirusso**

Mr. Pizzirusso is chair of Hausfeld's Data Breach and Privacy practice group, and a nationally renowned cybersecurity lawyer. Chambers and Partners ranks the leading lawyers and law firms across the world. In 2023, it ranked Mr. Pizzirusso (for the third year in a row) as one of only sixteen attorneys in the country in "Privacy and Data Security: Litigation." Mr. Pizzirusso is one of only three plaintiffs' attorneys in the country to achieve this distinction. Chambers described Mr. Pizzirusso as:

> [A] highly experienced litigator, noted for his successful track record acting for plaintiffs in high-stakes cybersecurity and privacy law class actions. "James is a talented and zealous advocate for clients." "He's very talented with a great deal of business savvy. He has very good

command of the technical issues always faced in litigation."[2]

Hausfeld is also the *only* Plaintiffs' firm in the country to receive a Band 1 ranking by Chambers in the category of Privacy & Data Security: Litigation, Nationwide (for the second year in a row). Law360 also recognized Hausfeld as having a "2021 Practice Group of the Year" in Cybersecurity & Privacy. Additionally, in 2021, Mr. Pizzirusso was personally named as one of Law360's "Cybersecurity & Privacy MVPs" (the only plaintiffs' attorney to receive that distinction). In 2020, the *National Law Journal* recognized Mr. Pizzirusso as a "Washington Trailblazer" for his role in data breach and privacy matters.[3] Similarly, in 2017 the *National Law Journal* named him a "Cybersecurity Trailblazer," one of only two plaintiffs' lawyers in the country to achieve that distinction.[4] *SuperLawyers* has recognized Mr. Pizzirusso as a "Top Rated Class Action & Mass Torts Attorney" in Washington, DC since 2016 and *Lawdragon* has named him as one of 500 Leading Plaintiff Consumer Lawyers in the country since 2019.

Given his vast familiarity with privacy-related class actions, numerous federal courts have appointed Mr. Pizzirusso to leadership positions in these types of cases, including in large MDLs, and he has successfully overseen and collaborated with hundreds of lawyers working at his direction. Most recently, in *In re T-Mobile Data Security Breach Litigation*, 4:21-md-03019-BCW (W.D. Mo.), one of the largest data breaches in history impacting approximately 75 million customers, Judge Wimes appointed Mr. Pizzirusso to serve as one of three Co-Lead Counsel. There, he helped secure a record setting $500 million settlement on behalf of the class including a cash fund of $350 million and an increased security spend of $150

---

[2] Chambers & Partners, James J. Pizzirusso, https://chambers.com/lawyer/james-pizzirusso-usa-5:25411758.
[3] *National Law Journal* 2020 Washington, D.C. Trailblazers, https://images.law.com/media/nationallawjournal/supplements/NLJTB_DC_2020/mobile/index.html (at p. 137).
[4] *National Law Journal* 2017 Cybersecurity and Data Privacy Trailblazers, https://images.law.com/media/nationallawjournal/supplements/NLJTB_CYBER_2017/mobile/index.html (at p. 52).

million. This was the second largest data breach settlement ever behind only *Equifax* (where Mr. Pizzirusso also served on the PSC) where a $500 million cash settlement was reached plus another $1 billion in increased security enhancements. Mr. Pizzirusso also currently serves as a Court-appointed Co-Lead Counsel in *In re: Marriott International Inc., Customer Data Security Breach Litig.*, MDL No. 19-md-2879 (D. Md.) (23(f) appeal pending). This is one of only a few privacy cases in the country where the court certified a contested litigation class (vacated and remanded on other grounds).

Courts have also appointed Mr. Pizzirusso to leadership in numerous other data breach and privacy cases, many of which he has successfully resolved, including: *In re American Medical Collection Agency, Inc. Customer Data Security Breach Litig.*, No. 19-md-2904 (D.N.J.) (Steering Committee) (partial settlement currently pending); *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, No. 3:15-md-2633-SI (D. Or.) (Executive Leadership Committee) ($74 million settlement in health care data breach); *In re: Arby's Rest. Group, Inc. Data Security Litig.*, No. 1:17-cv-514-AT (N.D. Ga.) (Co-Lead) (~$5 million settlement); *In re Target Corporation Customer Data Security Breach Litig.*, MDL No. 14-25522 (D. Minn.) (Steering Committee on behalf of financial institutions, nationwide class certification granted, $60 million settlement approved); *Greater Chautauqua Federal Credit Union v. Kmart Corp.*, No. 1:15-cv-02228 (N.D. Ill.) (One of three Co-Leads) (~$18.5 million settlement); *First Choice Federal Credit Union v. Wendy's*, No. 2:16-cv-00506 (W.D. Pa.) (Plaintiffs' Executive Committee) ($50 million settlement); *In re The Home Depot, Inc. Customer Data Security Breach Litig.*, No. 14-md-02583 (N.D. Ga.) (Chair of Plaintiffs' Steering Committee) (~$35 million settlement); *Doe v. Highmark, Inc.*, No. 2:23-cv-00350-NR (W.D. Pa.) (PSC); *In re LastPass Data Security Incident Litig.*, No. 1:22-cv-12047-PBS (D. Mass.) (Co-chair of the PSC with co-leadership responsibilities). Aside from data breach cases, courts have also entrusted Mr. Pizzirusso with leadership positions in

dozens of other types of matters. A copy of Mr. Pizzirusso's firm's resume is attached as Ex. 1.

### 2. Zimmerman Reed LLP

#### a. Brian C. Gudmundson

Brian Gudmundson is a partner with Zimmerman Reed LLP and has led and litigated numerous MDL and consolidated actions. He is currently serving as co-lead counsel representing consumer victims in the data breach actions *Anderson, et al. v. Fortra LLC*, 0:23-cv-00533-SRN-DTS (D. Minn.); *Scifo, et al. v. Alvaria, Inc., et al.*, 1:23-cv-10999-ADB (D. Mass.); *Whelan, et al. v. Webster Fin. Corp. et al.*, 3:23-cv-00567-SVN (D. Conn.); *In re: Netgain Tech., LLC Consumer Data Breach Litig.*, 21-cv-1210 (SRN/LIB) (D. Minn.) and *Higgs, et al. v. Oakbend Med. Ctr.*, 4:22-cv-03740 (S.D. Tex.), and on behalf of financial institutions in the recently settled *In re: Sonic Corp. Customer Data Sec. Breach Litig.*, 17-md-02807 (N.D. Ohio). He also served as co-lead counsel in the settled Arby's data privacy litigation on behalf of financial institutions, *In re: Arby's Rest. Grp., Inc., Data Sec. Litig.*, 17-cv-00514, (N.D. Ga.), and on the steering committees on behalf of financial institutions in the settled actions, *In re: Equifax Inc. Customer Data Sec. Breach Litig.*, MDL 2800 (N.D. Ga.), *First Choice Fed. Credit Union v. The Wendy's Co.*, 16-cv-00506 (W.D. Pa.), and *In re: The Home Depot, Inc., Customer Data Sec. Breach Litig.*, MDL 2583 (N.D. Ga.), among several others. Prior to these, he was a lead litigator in the landmark Target data breach case, *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL 14-2522 PAM/JJK (D. Minn.) in which his partner, the late Charles S. ("Bucky") Zimmerman, was appointed lead counsel for the financial institution track. The *Sonic* and *Target* actions are two of the only data breach actions to ever obtain a certified liability class. He also served on the steering committee for the breach of privacy action, *In re: Vizio, Inc., Consumer Privacy Litig.*, MDL 2693 (C.D. Cal.).

In other data privacy actions, Mr. Gudmundson is currently leading

plaintiffs' counsel in several actions alleging improper tracking and wiretapping of consumers using healthcare and retail websites, including *Mekhail v. North Memorial Health Care d/b/a North Memorial Health*, 0:23-cv-0040-KMM-TNL (D. Minn.) (Pixel tracking), *Okash v. Essentia Health*, 0:23-cv-00482-JRT-LIB (D. Minn.) (Pixel tracking), *Rosenthal v. Bloomingdale's Inc.*, 1:22-cv-11944-NMG (D. Mass.) (session replay tracking), and *Alves v. The Goodyear Tire & Rubber, Co.*, 1:22-CV-11820-WGY (D. Mass.) (session replay tracking), among several others.

Outside the data privacy context, Mr. Gudmundson currently serves as co-lead counsel on behalf of consumers in the consolidated action *Patlan, et al. v. BMW of North America, LLC*, 18-cv-09546 (D.N.J.), alleging damages related to fire risk caused by defective BMW vehicles. He also recently led plaintiffs' counsel on behalf of consumers in the settled MDL action *In re: CenturyLink Sales Practices and Sec. Litig.*, MDL 2795 (D. Minn.).

Mr. Gudmundson takes considerable pride in litigating collegially and building cohesive teams capable of matching the resources and efforts of defendants to obtain excellent results for plaintiffs. Upon presenting the plaintiffs' motion for final approval of the settlement in the CenturyLink MDL, the Hon. Michael J. Davis of the United States District Court for the District of Minnesota commented:

> Here, you know, I have a smile on my face because I'm towards the end of my career and it validates why I love the law, is that we do have outstanding lawyers that are pressing for justice and they're -- on both sides, because we need equal representation on both sides and we had that. The plaintiffs put together a team of lawyers that could match the defense team, and the defense team put together a team that could -- had to deal with all the litigation that was going on across the country dealing with CenturyLink. And I can tell you that in all the hearings that I've had and all the briefings that I've had on this case there was nothing said by any of the parties that was out of line. It was all professional. And I think – I don't know what happened in the

mediation or otherwise. I'm sure there was some more heated discussions, and that's necessary, but before me I did not have to get involved in slapping any hands or finding anyone in contempt or -- and I've done that before in these large litigations.

Mr. Gudmundson's resume with additional information is attached as Exhibit 2.

### 3. Freed Kanner London & Millen LLC

#### a. Jonathan M. Jagher

Jonathan Jagher, who began his legal career as a prosecutor in Massachusetts where he tried over 40 jury cases, is the founding partner of Freed Kanner London & Millen LLC's Philadelphia office. Mr. Jagher, with over 20 years of experience, has a national practice representing plaintiffs in consumer and antitrust class actions. He and his firm have recovered over $1 billion for their clients.

Mr. Jagher has been appointed to leadership positions in several consumer cases. He recently served as Co-Lead Counsel in *Powe v. Dermalogica, LLC*, 2022-LA-000874 (Circ. Ct. DuPage County, Illinois), a data privacy case resulting in a multi-million-dollar settlement. He was appointed to serve on the Plaintiffs' Steering Committee in *In Re: TikTok, Inc., Consumer Privacy Litigation*, MDL No. 2948 (N.D. Ill.), a class action related to allegations of data privacy violations involving the popular app and the creation of short form videos on mobile devices. In that case, Mr. Jagher was one of the primary negotiators of a $92 million settlement. Mr. Jagher served as one of the Settlement Class Counsel in *In re Proctor & Gamble Aerosol Products Marketing and Sales Practice Litigation*, 2:22-MD-3025 (SD OH) (settlement recently received final approval) and was appointed to serve on the Plaintiffs' Executive Committees in *Jones et. Al. v. Lemonade Inc.* 1:21-cv-04513 (N.D. Ill.) (multi-million-dollar settlement) and in *In Re: Morgan Stanley Data Security Litigation*, 1:20-CV-05914 (S.D. N.Y.) ($60 million settlement).

Mr. Jagher's recent antitrust cases include *Kent et al. v. Women's Health USA, Inc.*, FST-CV21-6054676-S (Connecticut Superior Court). In that case, Mr. Jagher was appointed as Co-Lead Counsel and settled the case on behalf of women in

Connecticut who were victims of alleged price fixing by IVF clinics. Mr. Jagher was named to the Executive Committee in *Cameron et. al. v. Apple, Inc.*, 4:19-cv-03074 (N.D. Cal.) and helped recover $100 million on behalf of app developers. Mr. Jagher also played an active role in *In re Peanut Farmers Antitrust Litigation*, 2:19-cv-00463 (E.D. Va.) (settlements totaled $102.75 million); *In re Automotive Parts Antitrust Litigation*, MDL No. 2311 (E.D. Mich.) (settlements totaled over $550 million); *In re OSB Antitrust Litigation*, Master File No. 06-CV-00826 (E.D. Pa.) (settlements totaled $120 million); *In re Broiler Chicken Antitrust Litigation*, 1:16-cv-08637 (N.D. Ill.) (settlements to date total approximately $170 million); and *In re Pork Antitrust Litigation*, 0:18-CV-01776 (D. Minn.) (settlements to date total approximately $100 million). A copy of Mr. Jagher's firm's resume is attached as Ex. 3.

### 4. Lynch Carpenter LLP

Lynch Carpenter is a 20-lawyer plaintiff-side class action firm with offices in Pennsylvania, Illinois, and California. Lynch Carpenter has been at the forefront in data breach and privacy litigation, obtaining leadership appointments in many of the largest and most well-known cases, generating seminal legal authority in both trial and appellate courts. For example, Lynch Carpenter (then known as Carlson Lynch) pioneered the development of Pennsylvania's data breach law with the seminal Supreme Court of Pennsylvania decision in *Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018). The court issued a landmark opinion—reversing the two lower courts—acknowledging that general principles of negligence support holding those who collect and store personally identifying information to a common law duty to reasonably safeguard such information from cyber-attack. *See Dittman*, 196 A.3d at 1047. The court also clarified that Pennsylvania's economic loss doctrine does not apply where a tort duty exists independent of any contract.

Lynch Carpenter's willingness to go the distance for its clients also enables the firm to negotiate from a position of strength and obtain favorable settlements for

victims of data breaches and other privacy invasions. In addition to the numerous cases listed above successfully litigated to settlement while serving as lead counsel, Lynch Carpenter attorneys have also served as co-lead counsel or in other leadership positions in: *In re TikTok, Inc., Consumer Privacy Litig.*, MDL 2948 (N.D. Ill.) (Lynch Carpenter serves as co-lead counsel; the district court recently granted final approval to a class settlement providing $92 million in monetary relief for the class); *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL 2522 (D. Minn.) (Lynch Carpenter was appointed to the Executive Committee managing the litigation on behalf of all plaintiffs (consumers, financial institution, and shareholders). The case was ultimately settled for $10 million (for consumers) and $39 million (for financial institutions)); *Dittman v. UPMC* (multimillion dollar settlement reached and approved after remand from the Pennsylvania Supreme Court); *In re Vizio, Inc. Consumer Privacy Litig.*, MDL 2693 (C.D. Cal.) (consumer privacy breach, steering committee; $17 million settlement); and *In re: Ashley Madison Customer Data Sec. Breach Litig.*, 4:15-md-02669 (E.D. Mo.) (consumer data breach, executive committee; $11.2 million settlement).

As of January 2024, Lynch Carpenter attorneys are currently involved in leadership positions in some of the largest active data breach and privacy MDLs and consolidated cases across the country, including: *In re Wawa, Inc. Data Security Litig.*, 2:19- cv-6019 (E.D. Pa.) (representing payment card issuers as co-lead counsel); *In re: Marriott International, Inc.*, 8:19-md-2879-PWG (D. Md.) (consumer data breach, steering committee); *In re Blackbaud, Inc. Customer Data Breach Litig.*, MDL 2972 (D.S.C.) (consumer data breach, steering committee); *In re: Zillow Group, Inc. Session Replay Software Litig.*, 2:22-cv-01282 (W.D. Wash.)(session replay privacy litigation, co-lead counsel); *Doe v. Highmark, Inc.*, 2:23-cv-00250-NR (W.D. Pa.) (session replay privacy litigation, chair of plaintiff's steering committee); *Dusterhoft v. OneTouchPoint Inc.*, Case No. 2:22-cv-00882-bhl (E.D. Wis.) (data breach, co-lead counsel); *Jackson et al. v. Suffolk University*,

1:23-cv-10019-DJC (D. Mass.) (data breach, co-lead counsel); *Baker v. Parkmobile, LLC*, Case No. 1:21-cv-02182-SCJ (data breach, plaintiffs' steering committee); *In re USAA Data Security Litig.*, Case No. 7:21-cv-05813-VB (S.D.N.Y.) (co-lead counsel).

Lynch Carpenter prides itself on promoting and maintaining a collaborative, diverse and opportunity-creating environment, while eschewing the rigidly structured, concentrated, and exclusionary power dynamics that have been features of too many elite plaintiffs' firms in the past. A copy of Lynch Carpenter's firm resume is attached as Ex. 4.

### III. Proposed Interim Class and Liaison Counsel Will Commit All Necessary Resources to the Class and Will Draw Upon and Coordinate the Work of Other Plaintiffs' Counsel, Consistent with the Needs of the Litigation.

The final Fed. R. Civ. P. 23(g) factor, which concerns the resources Counsel will commit to the case, also strongly supports the appointment of Proposed Interim Class and Liaison Counsel. Here, in addition to their own work, Proposed Interim Class and Liaison Counsel can, as needed, draw upon the skills and talents of other Plaintiffs' counsel who have filed complaints in this consolidated action. Proposed Interim Class and Liaison Counsel will manage such work to ensure efficiencies.

Proposed Interim Class and Liaison Counsel have already demonstrated their commitment to this litigation by devoting substantial resources and coordinating among themselves to consolidate these actions and file this unanimously supported leadership proposal. As their resumes and counsels' experience indicate, Proposed Interim Class and Liaison Counsel have the resources to see this litigation through to its conclusion, including trial.

The firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases, which will benefit Plaintiffs and the putative Class. Proposed Interim Class and Liaison Counsel's

ability to draw from this well-developed repository of information will also allow them to streamline the litigation.

If appointed, Proposed Interim and Liaison Class Counsel will continue to commit the same resources and effort to this case as they have committed to their other, successful class action litigations, and are committed to working cooperatively and efficiently for the benefit of the Class.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court appoint James J. Pizzirusso of Hausfeld LLP, Brian C. Gudmundson of Zimmerman Reed LLP, Jonathan M. Jagher of Freed Kanner London & Millen LLC as Interim Class Counsel and Lynch Carpenter LLP as Interim Liaison Counsel.

Dated: January 29, 2024

**LYNCH CARPENTER, LLP**

By: /s/ Elizabeth Pollock-Avery
Elizabeth L. Pollock-Avery (*pro hac vice*)
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
T: 412-322-9243
elizabeth@lcllp.com

Todd D. Carpenter
**LYNCH CARPENTER, LLP**
1234 Camino del Mar
Del Mar, CA 92014
T: 619-762-1900
F: 724-656-1556
todd@lcllp.com

James J. Pizzirusso (*pro hac vice*)
**HAUSFELD LLP**
888 16th Street, Suite 300
Washington, DC 20006
T: 202-540-7200
jpizzirusso@hausfeld.com

Steven Nathan
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
T: 646-357-1100
F: 212-202-4322
snathan@hausfeld.com

Brian C. Gudmundson (*pro hac vice*)
Michael J. Laird (*pro hac vice*)
Rachel K. Tack (*pro hac vice*)
**ZIMMERMAN REED, LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
T: 612-341-0400
brian.gudmundson@zimmreed.com
michael.laird@zimmreed.com
rachel.tack@zimmreed.com

Jonathan M. Jagher (*pro hac vice*)
**FREED KANNER LONDON & MILLEN LLC**
923 Fayette Street
Conshohocken, PA 19428
T: 610-234-6487
jjagher@fklmlaw.com