UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIA PRICE, et al., individually and on behalf of a class,<br><br>Plaintiffs,<br><br>v.<br><br>CARNIVAL CORPORATION,<br><br>Defendant. | Case No.:  23cv236-GPC (MSB)<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on **May 22, 2024**.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **September 20, 2024**.

2. All fact discovery must be completed by all parties by **January 22, 2025**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal

Rules of Civil Procedure.  All interrogatories, requests for admission, and document production requests must be served by **November 22, 2024**.

       Counsel shall promptly and in good faith meet and confer about discovery disputes in compliance with Local Rule 26.1(a).  All discovery motions must be filed within **30 days** of the event giving rise to the dispute.  For oral discovery, the event giving rise to the dispute is the completion of the transcript of the relevant portion of the deposition.  For written discovery, the event giving rise to the discovery dispute is the date of service of the response, **not** the date on which counsel reach an impasse in meet and confer efforts.  If a party fails to provide a discovery response, the event giving rise to the discovery dispute is the date response was due.

       3.     The Court's procedures for resolving discovery disputes are set forth in Magistrate Judge Michael S. Berg's Civil Chambers Rules, which are posted on the Court's website.  **A failure to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

       4.     If the parties believe a protective order will be needed to facilitate discovery, they must file any joint motion for a protective order, which includes the terms of their agreement for handling confidential documents and information, by **June 21, 2024**.

       5.     The parties shall designate their respective experts in writing by **February 24, 2025**.  Pursuant to Fed. R. Civ. P. 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts shall be by **March 10, 2025**.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

       6.     By **April 10, 2025**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure

requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

7. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **April 24, 2025**.

8. All expert discovery shall be completed by all parties by **May 9, 2025**.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.  Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

9. All other pretrial motions, including those addressing Daubert issues related to dispositive motions must be filed by **June 9, 2025**.  Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, all motions for summary judgment shall be accompanied by a separate statement of undisputed material facts.  Any opposition to a summary judgment motion shall include a response to the separate statement of undisputed material facts.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  Motion papers MUST be filed and served the same day of obtaining a motion hearing date from chambers. A briefing schedule will be issued once a motion has been filed.  The period of time between the date you request a motion date and the hearing date may vary.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.

10. A Mandatory Settlement Conference shall be conducted on **August 29, 2025**, at **9:30 a.m.**, in the chambers of **Magistrate Judge Michael S. Berg** located at **221 West Broadway, second floor, San Diego, CA 92101**.  Upon arrival, parties should

check in with Judge Berg's chambers using the callbox located by the second-floor elevators. All discussions at the Mandatory Settlement Conference will be informal, off-the-record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

      a.    **Personal Appearance of Parties Required**: All named parties, party representatives, claims adjusters for insured defendants, and the principal attorney(s) responsible for the litigation, must be present **in person** and prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

      b.    **Full Settlement Authority Required**: A party or party representative with full settlement authority must be present at the conference. Retained outside corporate counsel must not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement. A government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

      c.    **Confidential Settlement Statements Required**: By **August 22, 2025**, the parties shall submit directly to Magistrate Judge Berg's chambers (via hand delivery or by e-mail to the Court at efile_berg@casd.uscourts.gov), confidential settlement statements. The statements are limited to ten (10) pages, plus an additional ten (10) pages of exhibits. Each party's settlement statement must outline (1) significant facts established during discovery and the effect these facts have on the issues in the case; (2) counsel's insights regarding how best to reach settlement; (3) a **specific demand/offer for settlement**; and (4) any previous settlement negotiations or mediation efforts. The Mandatory Settlement Conference statement **must not merely repeat** what was contained in the Early Neutral Evaluation conference brief or any earlier settlement

brief. To the extent specific discovery responses, portions of deposition testimony, or expert reports are pertinent to the Court's evaluation of the matter, these documents must be attached as exhibits. Evidence supporting or refuting either party's claim for damages must also be identified and included as an exhibit. A general statement, such as a party will "negotiate in good faith," is **not** a specific demand or offer. The settlement statement should be submitted confidentially and need not be shared with other parties.

        d.    **Requests to Continue a Mandatory Settlement Conference**: Any request to continue the Mandatory Settlement Conference, or request for relief from any of the provisions or requirements of this Order, must be sought by a **written application**. **Absent good cause, requests for continuances will not be considered unless submitted in writing no fewer than seven (7) calendar days prior to the scheduled conference.**

**If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference.**

11. Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, the parties are excused from the requirement of Local Rule 16.1(f)(2)(a); no Memoranda of Law or Contentions of Fact are to be filed.

12. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **September 12, 2025**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

13. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **September 19, 2025**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall

note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

14. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **September 26, 2025**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

15. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **October 3, 2025**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

16. The final Pretrial Conference is scheduled on the calendar of the **Honorable Gonzalo P. Curiel** on **October 10, 2025** at **1:30 p.m.**  The Court will set a trial date during the pretrial conference.  The Court will also schedule a motion in limine hearing date during the pretrial conference.

17. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

18. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

19. The dates and times set forth herein will not be modified except for good cause shown.

20. Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day shall not exceed twenty-five (25) pages in length, per party, without leave of the judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without leave of a district court judge.  Briefs and memoranda exceeding ten

(10) pages in length shall have a table of contents and a table of authorities cited.

21. A telephonic attorneys-only Case Management Conference is set for **August 30, 2024**, at **9:30 a.m.**  Plaintiff's counsel is to arrange and initiate the conference call. The telephone number for Judge Berg's chambers is (619) 557-6632.

22. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  May 23, 2024

Honorable Michael S. Berg
United States Magistrate Judge