JACOB HEATH (STATE BAR NO. 238959)
jheath@orrick.com
REBECCA HARLOW (STATE BAR NO. 281931)
rharlow@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:  +1 415 773 5700
Facsimile:  +1 415 773 5759

Attorneys for Defendant
CARNIVAL CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIA PRICE, ERICA MIKULSKY, MARILYN HERNANDEZ, DANIEL RUBRIDGE, and ARIEL OLIVER, individually, and on behalf of all others similarly situated, | Case No. 3:23-CV-00236-GPC-MSB<br><br>**JOINT MOTION TO ENTER PROTECTIVE ORDER**<br><br>**L.Civ.R. 7.2** |
| Plaintiffs, | |
| v. | |
| CARNIVAL CORPORATION, | Judge:    Hon. Gonzalo P. Curiel |
| Defendant. | |

1       Plaintiffs India Price, Erica Mikulsky, Marilyn Hernandez, Daniel Rubridge,

2 and Ariel Oliver (collectively, "Plaintiffs") and Defendant Carnival Corporation

3 ("Defendant"), by and through the undersigned counsel, hereby stipulate and jointly

4 move the Court to enter the attached protective order.

5       WHEREAS, pursuant to Rule 16.1(d) of the Local Rules, a Case Management

6 Conference was held on May 22, 2024, before Magistrate Judge Berg;

7       WHEREAS, on May 23, 2024, the Court entered a Scheduling Order

8 Regulating Discovery and Other Pre-Trial Proceedings in the above-captioned

9 litigation;

10       WHEREAS, the Court's May 23rd Order directs the Parties that if they

11 "believe a protective order will be needed to facilitate discovery, they must file any

12 joint motion for a protective order, which includes the terms of their agreement for

13 handling confidential documents and information, by June 21, 2024," ECF No. 44

14 ¶ 4;

15       WHEREAS, the Parties believe a protective order will be necessary to

16 facilitate discovery in this matter; and

17       WHEREAS, the Parties have jointly drafted a mutually acceptable protective

18 order, attached hereto as **Exhibit A**.

19

20       The Parties hereby request that the Court enter the protective order attached as

21 Exhibit A.

22

23 Dated: June 21, 2024              Respectfully Submitted,

24

25

26

27

28

| | |
|---|---|
| 1 | |
| 2 | |

*/s/ Rebecca Harlow*
Rebecca Harlow (STATE BAR NO. 281931)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759
rharlow@orrick.com

*Counsel for Defendant*

*/s/ Jon Jagher*
Jonathan M. Jagher
**FREED KANNER LONDON & MILLEN LLC**
923 Fayette Street Conshohocken, Pennsylvania 19428
Tel.: (610) 234-6486
jjagher@fklmlaw.com

James J. Pizzirusso
**HAUSEFELD LLP**
888 16th Street N.W.
Suite 300
Washington, D.C. 20006
Telephone: (202) 540-7200
Email: jpizzirusso@hausfeld.com

Brian C. Gudmundson
**ZIMMERMAN REED LLP**
1100 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Tel.: (612) 341-0400
Brian.gudmundson@zimmreed.com

*Counsel for Plaintiffs and Interim Lead Class Counsel*

- 2 -

# EXHIBIT A

JACOB HEATH (STATE BAR NO. 238959)
jheath@orrick.com
REBECCA HARLOW (STATE BAR NO. 281931)
rharlow@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:  +1 415 773 5700
Facsimile:  +1 415 773 5759

Attorneys for Defendant
CARNIVAL CORPORATION

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIA PRICE, ERICA MIKULSKY, MARILYN HERNANDEZ, DANIEL RUBRIDGE, and ARIEL OLIVER, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CARNIVAL CORPORATION, <br><br> Defendant. | Case No. 3:23-CV-00236-GPC-MSB <br><br> **STIPULATED PROTECTIVE ORDER** |

Plaintiffs India Price, Erica Mikulsky, Marilyn Hernandez, Daniel Rubridge, and Ariel Oliver (collectively, "Plaintiffs") and Defendant Carnival Corporation ("Carnival") (collectively, the "Parties") jointly stipulate and agree to the entry of this Stipulated Protective Order as described below, subject to the Court's approval.

1.  PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this agreement is consistent with Federal Rule of Civil Procedure 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.  DEFINITIONS

"Disclosing Party" shall refer to the Party or non-party disclosing or producing documents and/or information, whether by a document production, responses to written discovery, orally at a deposition, or otherwise.

"Receiving Party" shall refer to the Party or non-party receiving information from a Disclosing Party, whether by a document production, responses to written discovery, orally at a deposition, or otherwise.

3.  "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

        a) Computer programming codes, software, or hardware;

        b) Customer lists and customer information;

        c) Internal financial data;

        d) Proprietary business processes;

e) Marketing plans and non-public market research performed by a party, or by a third-party on its behalf;

f) Confidential business communications, including contracts and contract negotiations;

g) Tax records;

h) Documents containing personal identifying information;

i) Non-public business or strategy plans or forecasts;

j) Non-public product or service plans, including documents reflecting non-public research or development of future products or services;

k) pricing information or customer/supplier information;

l) Intellectual property or trade secrets; and

m) Documents containing non-public information of third parties of the type set forth in (a) through (l) above.

"Attorneys' Eyes Only" material shall include extremely sensitive "Confidential" information or material, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm.

4.   <u>SCOPE</u>

The protections conferred by this agreement cover not only Confidential and Attorneys' Eyes Only material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order.

5.   <u>ACCESS TO AND USE OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY MATERIAL</u>

5.1   <u>Basic Principles</u>. A receiving party may use Confidential or Attorneys' Eyes Only material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential and Attorneys' Eyes Only material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential and Attorneys' Eyes Only material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order, to promptly notify counsel for the Designating Party or non-Party of such breach or threatened breach.

5.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), including any e-discovery vendor(s) retained;

(d) court reporters and videographers in this Proceeding (whether at depositions, hearings, or any other proceeding);

(e) the Court and court personnel;

(f) copy or imaging services retained by counsel to assist in the duplication of

confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties, to immediately return all originals and copies of any confidential material, and to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties engaged in settlement discussions;

(j) insurers for any party to the extent reasonably necessary for the performance of their work associated with the litigation; and

(k) any other person that the designating party agrees to in writing.

5.3     Disclosure of "Attorneys' Eyes Only" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Attorneys' Eyes Only material only to:

(a) the Court and court personnel;

(b) attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party;

(c) in-house counsel of the receiving party to whom disclosure is reasonably necessary for this litigation;

(d) court reporters and videographers in this Proceeding (whether at depositions, hearings or any other proceeding);

(e) any deposition, trial or hearing witness in the Proceeding who previously had access to the "Attorney's Eyes Only" designated materials;

(f) during their depositions only, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Such witnesses shall not retain copies of such material;

(g) outside experts or expert consultants retained by the undersigned Parties or their counsel in connection with the Proceeding, including any e-discovery vendor(s) retained, provided that prior to disclosure of the "Attorney's Eyes Only" designated materials to any such expert or expert consultant, counsel for Party making the disclosure delivers a copy of this Protective Order to such person, explains its terms to such person and shall secure the signature of such person on the form attached hereto as Exhibit A;

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties engaged in settlement discussions;

(i) insurers for any party to the extent reasonably necessary for the performance of their work associated with the litigation; and

(j) any other person that the designating party agrees to in writing.

5.4    <u>Filing Confidential or Attorneys' Eyes Only Material</u>. Before filing any confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. The filing party shall include with their filing only those parts of the confidential material that it believes is necessary to support its position. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.

No document may be filed under seal, except pursuant to a Court order that authorizes the sealing of the particular document, or portion of the document. A

sealing order may issue only upon a showing that the information is privileged or protectable under the law. **The request must be narrowly tailored to seek sealing only of the confidential or privileged material.**

To file a document under seal, the Parties must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2. In addition, a Party must file a redacted version of any document that it seeks to file under seal. The document must be titled to show that it corresponds to an item filed under seal, *e.g.*, 'Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment.' The Party should file the redacted document(s) simultaneously with a joint motion or ex parte application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request.

6.   DESIGNATING PROTECTED MATERIAL

6.1   Manner and Timing of Designations. Except as otherwise provided in this agreement (*see, e.g.*, second paragraph of section 6.1(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)   Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material or "ATTORNEYS' EYES ONLY" to each page that contains Attorneys' Eyes Only material. If only a portion or portions of the material on a page qualifies for protection, the disclosing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the Parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or non-party may, within fifteen (15) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. The originals of the deposition transcripts containing material designated as "Confidential" or "Attorneys' Eyes Only" and all copies of the deposition must bear the legend "Confidential" or "Attorneys' Eyes Only," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order. If a Party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)    <u>Other tangible items</u>: the disclosing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the disclosing party, to the extent practicable, shall identify the protected portion(s).

6.2    <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

7.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

7.1    <u>Timing of Challenges</u>. Any Party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating

- 7 -

party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2  <u>Meet and Confer</u>. The Parties, and non-parties where necessary, must make every attempt to resolve any dispute regarding confidentiality designations without Court involvement. Any motion regarding confidentiality designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without Court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference, pursuant to L.R. 26.1(a).

7.3  <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the challenging party may file and serve a motion to challenge confidentiality under L.R. 26.1. The burden of persuasion in any such motion shall be on the challenging party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary delays, expenses and burdens on other parties) may expose the challenging party to sanctions, including but not limited to the designating party's attorney's fees and costs incurred opposing such a challenge. All Parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

8.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, Confidential or Attorneys' Eyes Only material has been disclosed to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When a disclosing party gives notice to receiving parties that certain previously disclosed material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The Parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth below:

1
2
3
4
5
6
7
8
9

  IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), that the disclosure, whether inadvertent or otherwise, of any information in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the disclosing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

10   11. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

11
12
13
14
15
16
17
18
19

  Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential or Attorneys' Eyes Only material to the disclosing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. This applies to all information held by the receiving party itself, as well as any information that is held by the receiving party's experts, consultants, or other people or entities to whom the receiving party disclosed the information. Upon request, each receiving party and each of its respective experts, consultants, etc., must provide the designating party with a certificate confirming compliance with this Section, signed under oath.

20
21
22
23
24

  Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

25
26
27

  The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

28

This Order may be modified by agreement of the Parties, subject to approval by the Court.

Dated: _____, 2024

_____
Honorable Michael S. Berg
United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of California on [date] in the case of *Price et al. v. Carnival Corp.*, Case No. 3:23-CV-00236-GPC-MSB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____